[No. E005765. Fourth Dist., Div. Two. Nov. 13, 1989.]

REDEVELOPMENT AGENCY OF THE CITY OF CATHEDRAL CITY, Plaintiff and Appellant, v.
METROPOLITAN THEATRES CORPORATION, Defendant and Respondent.

**COUNSEL**

Best, Best & Krieger, Barton C. Gaut and Kendall H. MacVey for Plaintiff and Appellant.

Oliver, Stoever, Barr & Einboden, Oliver, Stoever, Barr & Vose, Thomas W. Stoever and Heriberto F. Diaz for Defendant and Respondent.

**OPINION**

**CAMPBELL, P. J.—**

This case originated as an eminent domain action taken against multiple defendants. Plaintiff appeals only from the judgment entered below as to one of those defendents.

### ISSUE

Does section 1263.510 of the Code of Civil Procedure[1] require that an owner/defendant bear the burden of proof with regard to establishing the value of goodwill which has been lost as a result of property having been taken by eminent domain? We find that it does not.

---

[1] All statutory citations refer to the Code of Civil Procedure.

## FACTS

In an eminent domain proceeding, plaintiff Redevelopment Agency of the City of Cathedral City (RDA) acquired both fee interests and subsidiary property interests in several parcels of real property. In large part, the acquisition concerned the property interests of defendants who are not parties to this appeal; however, the taking also included a leasehold interest which was held by defendant Metropolitan Theatres Corporation (Metropolitan) in one of the condemned parcels. RDA and Metropolitan settled the lawsuit insofar as the value of the leasehold estate was concerned, and they stipulated that Metropolitan was entitled to be compensated for a loss of goodwill under the terms of section 1263.510.[2] However, RDA and Metropolitan were not able to agree on the *amount* of compensation to which Metropolitan was entitled as a result of its loss of goodwill. This issue was tried to a jury. The only evidence introduced during the trial was valuation evidence which was offered by each of the parties in the form of expert testimony.

RDA submitted a proposed jury instruction which placed the burden of establishing the amount of the goodwill loss on Metropolitan. The court rejected RDA's proffered instruction and gave the jury the following modified instruction: "The owner of a business conducted on the property being taken is entitled to recover compensation for the loss, if any, of business goodwill. [¶] The term 'goodwill,' as used in this instruction, means the benefits that attach to a business as a result of its location, its reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old patronage or acquisition of new patronage. [¶] In this case, it has been stipulated by both parties that there has been a loss of goodwill. [¶] Neither the plaintiff nor the defendant has the burden of proof on the issue of compensation." (See § 1260.210, subd. (b), and BAJI (7th ed.), Nos. 11.91, 11.98.) The jury returned a verdict in the exact amount testified to by Metropolitan's expert.

---

[2] Section 1263.510 provides: "(a) The owner of a business conducted on the property taken, or on the remainder if such property is part of a larger parcel, shall be compensated for loss of goodwill if the owner proves all of the following:

"(1) The loss is caused by the taking of the property or the injury to the remainder.

"(2) The loss cannot reasonably be prevented by a relocation of the business or by taking steps and adopting procedures that a reasonably prudent person would take and adopt in preserving the goodwill.

"(3) Compensation for the loss will not be included in payments under Section 7262 of the Government Code.

"(4) Compensation for the loss will not be duplicated in the compensation otherwise awarded to the owner.

"(b) Within the meaning of this article, 'goodwill' consists of the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage."

RDA appeals on the ground that the language of section 1263.510 requires that an owner/defendant bear the burden of establishing the amount of compensation called for by a loss of goodwill.

## DISCUSSION

■ Section 1260.210, subdivision (b), provides: "Except as otherwise provided by statute, neither the plaintiff nor the defendant has the burden of proof on the issue of compensation." Thus, the precise question presented in this case is: Does section 1263.510 "otherwise provide" for an exception to the rule contained in section 1260.210, subdivision (b)—i.e., does section 1263.510 provide that a defendant has the burden of proof on the issue of the amount of compensation to be paid for a loss of goodwill? We hold that the meaning of the statute is clear and unambiguous and that it *does not* provide that a defendant has the burden of proof on that issue. Section 1263.510 does not address the question of the amount of compensation, either directly or by implication.[3] The scope of the section is limited to delineating the circumstances under which a defendant is entitled to *any* compensation and is devoid of any reference to the *amount* thereof.[4] Our conclusion is supported by a variety of factors.

[3] RDA has argued that section 1263.510 does implicitly address the issue of the amount of compensation to be awarded. The argument is based largely on what RDA asserts is a logical conclusion: "A 'loss' cannot be proved without establishing the amount." RDA's logic, insofar as it is legally relevant to the issue before us, is flawed. While it is true that the existence of a loss cannot be established without showing that a loss occurred in *some* amount or another (which is nothing more than a semantic tautology), merely showing that *a* loss occurred is not logically tantamount to establishing *by a particular standard of proof* what the precise amount of *the* loss in question is.

RDA's argument overlooks the fact that section 1260.210 has *two* subdivisions. Subdivision (a) of that section provides: "The defendant shall present his evidence on the issue of compensation first and shall commence and conclude the argument." The initial burden placed on an eminent domain defendant by section 1260.210, subdivision *(a)*, is simply *the burden of going forward with (or producing) some evidence of a material fact*—in this instance, the existence of a loss. Once that burden has been met by the defendant, however, subdivision *(b)* of section 1260.210 makes it clear that neither party to the action bears *a particular burden of persuasion* with respect to convincing the trier of fact as to the precise amount of that loss. (See 1 Witkin, Cal. Evidence (3d ed. 1986) Burden of Proof and Presumptions, §§ 127-129, pp. 113-115.)

[4] Witkin refers to these circumstances as "conditions of compensation" (8 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, § 1031(3), p. 599) and, in another work, clearly identifies the task of proving a loss of goodwill under section 1263.510 as involving an issue *other than* an issue of compensation. (1 Witkin, Cal. Evidence (3d ed. 1986) Burden of Proof and Presumptions, § 143, pp. 125-126; see also, *Community Development Commission v. Asaro* (1989) 212 Cal.App.3d 1297, 1302 [261 Cal.Rptr. 231]: "Given this statutory right to compensation for loss of business goodwill, the question of how to properly value the loss of goodwill remains *since section 1263.510 is silent on valuation.*" (Italics added.) While *Asaro* does not directly address the issue of burden of proof, it correctly emphasizes the fact that section 1263.510 is concerned solely with the issue of *entitlement* to compensation.)

First, when statutory language is clear and unambiguous there is no need for construction and the courts should not indulge in it. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) We are aware that the California Law Revision Commission Comments to sections 1260.210 and 1263.510 can be understood as suggesting a result that is contrary to the one we reach in this case—but where, as here, the statute is clear and unambiguous, it is improper for us to resort to such matters in order to construe a statute in a manner which is inconsistent with the clear and ordinary meaning of its words. (§ 1858.)

Second, we note that our interpretation of section 1263.510 is consistent with the overall statutory scheme contained in the Eminent Domain Law (§ 1230.010 et seq.). Although compensation for loss of goodwill is a recent statutory development (see *Community Redevelopment Agency* v. *Abrams* (1975) 15 Cal.3d 813 [126 Cal.Rptr. 473, 543 P.2d 905, 81 A.L.R.3d 174]), there is nothing in the statutory scheme—nor has RDA pointed to any-thing—which suggests that there is any logical reason to treat the burden of proof as to the amount of compensation for a loss of goodwill any differently than the burden of proof as to the amount of compensation for a taking of an interest in realty itself.

Further, our interpretation of section 1263.510 conforms to our Supreme Court's directive that the section is to be construed liberally so as to extend the remedial benefits of its provisions as fully as possible. (*People* ex rel. *Dept. of Transportation* v. *Muller* (1984) 36 Cal.3d 263, 269-270 [203 Cal.Rptr. 772, 681 P.2d 1340].)

Finally, we are left to observe that even if the trial court's refusal to instruct the jury as requested by RDA had been error (which it was not), it is clear that it would have been harmless error requiring no intervention on our part. Viewing the case in its entirety (but with a particular focus on the precise result reached by the jury), there is no reasonable probability that the jury, absent the purported error, would have awarded a different amount of compensation. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 353, pp. 356-357, and cases cited therein.)[5]

---

[5] Our certainty in this regard is strengthened considerably by the fact that the jury's verdict reflected a virtually unqualified acceptance of the testimony of Metropolitan's valuation ex-pert, notwithstanding the fact that it (the jury) was unambiguously instructed to the effect that it could fix the amount of compensation at any point within the range of values testified to by any or all of the experts. In response to a written question tendered by the jury to the trial court during deliberations—as to whether the verdict had to exactly comport with the testimony of any one of the valuation experts—the trial court replied: "You may not find the just compensation for loss of goodwill to be less than or more than that testified to by any

### DISPOSITION

The judgment is affirmed.

McDaniel, J., and Hollenhorst, J., concurred.

---

witness. Your verdict may be within the range of opinions testified to by the experts." This instruction was clearly correct (see *Community Development Commission* v. *Asaro, supra,* 212 Cal.App.3d 1297, 1306), and there is nothing in the record to suggest that the jury felt obligated to accept any of the expert valuation opinions at full value.