[No. B039474. Second Dist., Div. Three. Dec. 26, 1991.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Plaintiff and Respondent, v.
BONYAN SALAMI, Defendant and Appellant.

**COUNSEL**

Robert L. Nelms for Defendant and Appellant.

Joseph A. Montoya, Anthony J. Ruffolo, Robert W. Vidor, Larry R. Danielson and Robert F. Koehler for Plaintiff and Respondent.

**OPINION**

**HINZ, J.—**

### INTRODUCTION

Defendant and appellant Bonyan Salami (Salami) appeals the judgment in an action in eminent domain by the People of the State of California (State), awarding him $940,000 for his property taken for construction of the Century Freeway.

Salami contends the trial court erred in instructing the jury on the burden of proof on the issue of goodwill. He also contends, for the first time on appeal, that the trial was unfair because the trial court did not conduct voir dire during jury selection on the subject of racial prejudice.

We reverse the judgment in regard to the issue of the value of the loss of goodwill and otherwise affirm the judgment.

## Factual and Procedural Background

In 1984, the State, on behalf of the Department of Transportation, filed a complaint in eminent domain against Salami for property located on Aviation Boulevard, where Salami operated a restaurant called the Eagle's Nest.

The action was tried before a jury in 1988. The jury found the amount of just compensation was $940,000, based on the date of value of December 20, 1984.

At trial, the parties entered a stipulation in regard to the issue of loss of goodwill.[1]

The stipulation was discussed in camera, as follows:

"[Salami's counsel]: We have hit this rather important segment where the business good will is made recoverable by statute, not by constitution; and the statute has some foundation or points. Your Honor may be familiar with them. [¶] And it happens some time that the kind of condemnation feels that those points are in question and does not waive them, and you have to go through establishing those foundations. [¶] I asked counsel if he is satisfied that these foundational questions can be waived, and he indicated affirmatively. [¶] If that's so, I think that should be on the record because the jury instruction says to the jury 'if you find that, or if the owner has the burden of proof, at some point they would have to be told that these things are satisfactory.

"THE COURT: Do you agree with that?

"[State's counsel]: Yes, Your Honor. I think both of our appraisers have indicated that there is total loss, there is good will, and a total loss can't be relocated, and so there is no sense—

"THE COURT: Do you want to indicate then for the record that—[¶] What are the things that are waived?

"[Salami's counsel]: That the loss was caused by the taking of the property. [¶] That the loss cannot reasonably prevent and be prevented by relocation of the business, or by taking steps that reasonably a prudent

---

[1]The exact meaning of the stipulation is at the heart of the issue on appeal. Salami contends he met his burden of proof on the issue of loss of goodwill by entering the stipulation. The State contends the stipulation simply established foundational requirements for admitting expert opinion on the value of lost goodwill, and Salami was required to prove the amount of the loss.

person would take to preserve the good will. [¶] That this loss is not being compensated by section 7262 of the Government Code, and that this compensation—or I should say loss—will not be duplicated in other compensation awarded to the owner.

"THE COURT: You are agreeing that Mr. Garvin and other appraisers don't have to go through that basic information before they get to the point of giving their good will value opinion?

"[Salami's counsel]: That's right.

"[State's counsel]: We will stipulate to that, Your Honor."

Salami presented the testimony of Burdette Garvin, an appraiser, to establish the loss of value of the business goodwill and the property. His conclusions were as follows: loss of goodwill, $277,300; depreciated value of furniture, fixtures and equipment, $191,460; and value of real property, $1,814,200; for a total of $2,282,960.

Another of Salami's experts, appraiser Lawrence Brown, opined that the property value, minus goodwill, fixtures and equipment, was $2,150,000.

The State's witness, an appraiser named William Carlson, using the market data approach, valued the property at about $870,000; using the income approach, valued the property at about $834,000; and using the replacement cost approach, valued it at $936,000. On the basis of all three approaches, Carlson concluded that a final valuation for the property was $875,000.

After instruction and deliberation, the jury found the loss of goodwill value of the business was "zero dollars" and the fair market value of the land and all improvements thereon including all the structural improvements and restaurant equipment was $940,000.

## ISSUES AND CONTENTIONS

Salami contends the trial court's instructions to the jury on the burden of proof on loss of business goodwill was erroneous. He also contends he did not get a fair trial because during jury selection no questions were asked about racial prejudice, and during trial an event occurred which may have unfairly prejudiced the jury against Salami.

The State contends the jury was properly instructed and substantial evidence supports its verdict that there was no business goodwill

loss.[2] It also contends there was no error in the voir dire of the jury and Salami received a fair trial.

We reverse that portion of the judgment regarding the value of the loss of goodwill only.

DISCUSSION

1. *The Burden of Proof*

 In regard to eminent domain, Code of Civil Procedure section 1260.210[3] provides, "(a) The defendant shall present his evidence on the issue of compensation first and shall commence and conclude the argument. (b) Except as otherwise provided by statute, neither the plaintiff nor the defendant has the burden of proof on the issue of compensation." Therefore, it is not appropriate to instruct in terms of the standard jury instruction that defendant bears the burden of proof on the issue of compensation. (*City of Los Angeles* v. *Decker* (1977) 18 Cal.3d 860, 872 [135 Cal.Rptr. 647, 558 P.2d 545].)

The California Law Revision Commission's comment to section 1260.210 states, "Assignment of the burden of proof in the context of an eminent domain proceeding is not appropriate. The trier of fact generally is presented with conflicting opinions of value and supporting data and is required to fix value based on the weight it gives to the opinions and supporting data. [Citations.] Absent the production of evidence by one party, the trier of fact will determine compensation solely from the other party's evidence, but neither party should be made to appear to bear some greater burden of persuasion than the other."

The comment concludes with the statement, "For an exception to the rule stated in subdivision (b), see Section 1263.510 (loss of goodwill)."

---

[2]The State claims Salami's trial counsel agreed to the instruction, citing an in camera discussion on jury instructions. However, the discussion cited was limited to the burden of establishing a reasonable probability of a change in zoning as the basis of an appraiser's opinion on value of property. Salami's counsel argued, and the trial court agreed, that the owner does not have the burden on this issue. Although the trial judge mentioned that there was only one instruction for burden, "and that's on goodwill," the scope of that reference and counsel's response are ambiguous. There is no suggestion of invited error nor, contrary to the State's contention, any indication that Salami's counsel "unequivocally agreed" to the jury instruction challenged here.

Generally, the giving of an instruction is deemed excepted to even though the party complaining on appeal made no objection in the trial court. (Code Civ. Proc., § 647; *Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 948-949 [603 P.2d 58].) A party is only precluded from complaining on appeal that an instruction correct in law is too general or incomplete unless he has requested an additional or qualifying instruction. (*Ibid.*)

[3]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Section 1263.510, which sets forth the proof required for entitlement to loss of goodwill, provides, as follows:

"(a) The owner of a business conducted on the property taken, or on the remainder if such property is part of a larger parcel, shall be compensated for loss of goodwill *if the owner proves all of the following*:

"(1) The loss is caused by the taking of the property or the injury to the remainder.

"(2) The loss cannot reasonably be prevented by a relocation of the business or by taking steps and adopting procedures that a reasonably prudent person would take and adopt in preserving the goodwill.

"(3) Compensation for the loss will not be included in payments under Section 7262 of the Government Code [moving expense and moving losses for relocated business or farm operations; in lieu payments for business or farm operation that cannot be relocated without a substantial loss of patronage].

"(4) Compensation for the loss will not be duplicated in the compensation otherwise awarded to the owner.

"(b) Within the meaning of this article, 'goodwill' consists of the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage." (Italics added.)

In *People* ex rel. *Dept. of Transportation* v. *Muller* (1984) 36 Cal.3d 263 [203 Cal.Rptr. 772, 681 P.2d 1340], the California Supreme Court observed: "The remedial purpose of [section 1263.510] is evident. . . . The section was enacted in response to widespread criticism of the injustice wrought by the Legislature's historic refusal to compensate condemnees whose ongoing businesses were diminished in value by a forced relocation. [Citations.] The purpose of the statute was unquestionably to provide monetary compensation for the kind of losses which typically occur when an ongoing small business is forced to move and give up the benefits of its former location." (*Id.*, at p. 270.)

Section 1263.510 provides a statutory right to compensation for loss of business goodwill, but remains silent on the question of how to properly value the loss of goodwill. (*Community Development Com.* v. *Asaro* (1989) 212 Cal.App.3d 1297, 1302 [261 Cal.Rptr. 231].)

The Law Revision Commission comment to this provision points out, "Notwithstanding Section 1260.210, the burden of proof is on the property owner under this section."

The court in *Redevelopment Agency* v. *Metropolitan Theatres Corp.* (1989) 215 Cal.App.3d 808 [263 Cal.Rptr. 637], clarified the limited scope of section 1263.510, and its impact on the burden of proof. The appellate court affirmed the trial court's refusal to give an instruction requested by the condemning agency that the property owner had the burden of establishing the amount of goodwill lost. "We hold that the meaning of the statute is clear and unambiguous and that it *does not* provide that a defendant has the burden of proof on the issue [of the amount of compensation to be paid for a loss of goodwill]. Section 1263.510 does not address the question of the amount of compensation, either directly or by implication. The scope of the section is limited to delineating the circumstances under which a defendant is entitled to *any* compensation and is devoid of any reference to the *amount* thereof." (*Id.*, at p. 811, fns. omitted, italics in original.)

 The State contends Salami has the burden of proof on the issue of the amount of goodwill, arguing that the *Metropolitan Theatres* case was wrongly decided. The State relies on the California Law Revision Commission comment to section 1260.210, quoted above.[4] The comment, of course, does not resolve the issue, because the reference to section 1263.510 is limited to the scope of that section. The State suggests that the Legislature looked upon goodwill as a "special damage" which is not constitutionally protected from a taking, and therefore placed the burden of proof of goodwill loss on the owner.[5] Also, contrary to the State's interpretation, the comment regarding the rules of evidence applicable to a determination of loss of goodwill does not concern the burden of proof, but rather the types of admissible evidence to determine the loss of goodwill in contrast to those admissible to determine the value of interests in real property and tangible personal property valued as a unit. (See Evid. Code, § 811.)

Salami contends he met his burden of proof on the issue of loss of business goodwill by entering into the stipulation with the State, and that by the stipulation the State admitted that goodwill existed.

---

[4]The State refers to the comments accompanying similar provisions in the Uniform Eminent Domain Code. These comments do not support its interpretation. Section 904 of the uniform law provides "No party has the burden of proof on the issue of the amount of compensation." The comment to section 904, Burden of Proof, concludes with the statement, "The rule of this section does not affect the burden of proof on issues other than the amount of compensation. See Section 507 (preliminary objections; Section 1016 (loss of goodwill)." (13 U. Laws Ann., Eminent Domain Code, § 904, p. 82.)

[5]This argument, however, is inconsistent with the State's conclusion that the stipulation did not remove the burden of proof. What then was the effect of the stipulation?

■ The plain language of section 1263.510 places the burden on the defendant to establish that the necessary conditions exist which entitle him to compensation for loss of goodwill. "The owner . . . shall be compensated for loss of goodwill if the owner proves all of the following: . . ." However, there is no requirement that the owner bear the burden of proof on the *amount of compensation* for goodwill loss.

Once these foundational conditions are proven, the trier of fact must determine the amount of compensation, including compensation for the taking of the property and for loss of goodwill, based on whatever evidence is before it. (See Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc., § 1260.210, p. 212.) In determining the amount of compensation, neither party bears the burden of proof.

### 2. *The Jury Instructions*

■ The jury instructions were inconsistent with the stipulation and statutory requirements.

The jury was instructed on the issue of goodwill as follows: "The owner of a business conducted on the property being taken is entitled to recover compensation for loss, if any, of business good will. [¶] The term 'good will,' as used in these instructions, means the benefits that attach to a business as a result of its location, its reputation for dependability, skill and quality and other circumstances relating in probable retention of [old] patronage for the acquisition of new patronage. [¶] In order to establish the loss of good will, the burden of proof is on the owner to prove each of the following by a preponderance of the evidence: [¶] One and only one, that good will exists. [¶] By a preponderance of the evidence is meant such evidence as when weighed with that opposed to it has more convincing force and the greater probability of truth. [¶] If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, then your finding upon that issue must be against the owner. [¶] Except on the issue of loss of good will, neither the plaintiff nor the defendant has the burden of proof on the issue of competition [*sic* (compensation)]."

The stipulation established the preliminary findings and relieved Salami of the requirement to prove the foundational elements.[6] Thus, the stipulation allowed the admission of expert opinion on the issue of the loss of goodwill. However, the stipulation did not address the *amount* of goodwill loss, if any.

---

[6]The trial judge stated, "You are agreeing that Mr. Garvin and other appraisers don't have to go through that basic information before they get to the point of giving their goodwill value opinion?" Both counsel for Salami and counsel for the State responded affirmatively.

The instructions erroneously placed the burden of this portion of compensation on Salami. (§ 1260.210, subd. (b).) In light of the fact that the only evidence on the value of the loss of goodwill was Salami's expert's opinion and that the jury found the value of the loss of goodwill as zero,[7] it is highly probable that the instruction was *not* harmless error.[8] (§ 475; *Maupin* v. *Widling* (1987) 192 Cal.App.3d 568, 572 [237 Cal.Rptr. 521].)

### 3. *Jury Voir Dire*

Salami contends it was reversible error not to have inquired about racial bias during jury voir dire. He also argues that an event occurred during trial "which made it imperative to inquire as to racial bias." On appeal Salami states he is Iranian and alludes to the downing of an Iranian airplane in the Persian Gulf, requesting judicial notice of that event. The record is silent on the racial composition of the jury. Furthermore, the issue was not raised nor the matter presented to the trial court during voir dire or later, even when the allegedly prejudicial event occurred. Under the circumstances, the matter is not reviewable. (*Menefee* v. *County of Fresno* (1985) 163 Cal.App.3d 1175, 1182 [210 Cal.Rptr. 99].)

### DISPOSITION

Judgment reversed as to that portion regarding the value of the loss of goodwill only and the matter remanded to trial court for retrial of that issue consistent with the views expressed in this opinion. In all other respects judgment affirmed. Salami is awarded costs of appeal.

Klein, P. J., and Croskey, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 12, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

[7]This is not to suggest that the trier of fact, if instructed properly, could not conclude the value of loss of goodwill was zero.

[8]The State contends the failure to instruct properly was harmless in any event because the opinion of Salami's expert, not based upon the agreed date of valuation, was irrelevant and should be stricken. The State fails to cite anything in the record which would have preserved the question of the admissibility of the expert's opinion on appeal. As explained by the witness, he was projecting values into the future, based upon a few months' actual restaurant business.