Opinion
 

 GILBERT, J.
 

 Two interdependent businesses share the same building. Here we hold that in a condemnation proceeding the combined loss of goodwill suffered by both businesses is a proper measure of damages even though the businesses are treated separately for tax purposes.
 

 Facts
 

 The State of California filed an action in eminent domain on March 25, 1993, seeking interests in property owned by Robert G. Leslie and Marilyn B. Leslie. The Leslies’ property was on Los Angeles Avenue in Saticoy, adjacent to State Highway 118. The state, through the Department of Transportation, sought permanent and temporary interests in the property to widen and straighten the highway. These interests included a partial taking, a temporary construction easement, and a right to enter the remainder.
 

 The Leslies and R & H Paving, Incorporated (R & H) answered the complaint, claiming damages for loss of goodwill among other damages. Robert Leslie was the sole shareholder of R & H, a roadway construction business since 1967. R & H operated at the Los Angeles Avenue property and employed on a seasonal basis between 50 and 100 employees.
 

 Prior to trial, the Leslies and R & H filed a witness list and a statement of valuation concerning R & H as well as another entity, BMB Leasing (BMB). (Code Civ. Proc., § 1263.510 [required proof for compensation of goodwill].)
 
 [1]
 
 BMB, a sole proprietorship owned by Robert Leslie, purchased heavy equipment and leased it to R & H. Leslie testified that he formed BMB for reasons of business convenience and tax advantages. BMB did not answer the state’s complaint in eminent domain.
 

 
 *921
 
 Prior to trial, the state moved to preclude testimony from Chris Pedersen, the Leslies’ appraiser, concerning the goodwill loss of R & H and BMB. The State objected that the appraiser improperly valued the goodwill of R & H and BMB together as one business. The state also challenged the appraiser’s methodology, claiming he failed to calculate and compare the goodwill before and after the partial taking. The trial court denied the motion. The trial judge stated: “I can’t bring myself around to the point where I think it’s a matter of law that you cannot present testimony with respect to the loss of goodwill in this case on the basis that he didn’t evaluate the businesses separately, or improper methodology . . . .”
 

 At trial, Pedersen, an expert business appraiser, opined that R & H and BMB suffered a goodwill loss of $388,190. He stated that R & H and BMB were, for valuation purposes, “just one company,” despite their individual legal forms. He opined that a buyer would not purchase R & H or BMB separately. Pedersen calculated the goodwill loss based upon R & H’s increased annual operating expenses of $42,701, capitalized at 11 percent. The increased operating expenses included renting additional yard area to store, fuel, and repair heavy equipment, expenses to move the equipment, and improvements to the additional yard. Pedersen testified there was “[n]o possible way” to evaluate the goodwill of R & H and BMB separately.
 

 In contrast, Nevin Sanli, the state’s expert business appraiser, testified that neither R & H nor BMB possessed any goodwill on the date of valuation. He reasoned that each experienced a drop in revenues due to the economic recession and building slowdown in 1992. Sanli testified that R & H’s earnings were “rather erratic and . . . declining” and had fallen 61 percent from 1989 to 1992. He evaluated R & H and BMB separately despite their relationship and common management because they engaged in different activities, had different tax treatments, and had different types of expenses.
 

 After presentation of the evidence, the trial court reconsidered expert witness Pedersen’s valuation of the goodwill of R & H and BMB. The trial judge stated that his earlier ruling concerning this valuation approach was “not dispositive.” The trial court then ruled that, as a matter of law, Pedersen’s valuation approach was improper and unreasonable. Expressing a concern about tax avoidance, the trial judge stated: “[R & H] used an improper method of valuation here because [it] failed to distinguish the separate and distinct units. There is no evidence on the part of the defendants of the valuation of goodwill.” The trial court told the jury that it believed the method of valuation of the goodwill presented by the defendant was “improper, unjust and inequitable.”
 
 *922
 
 Therefore, the jury was not given the opportunity to decide the value of goodwill, if any, lost by R & H or BMB. It determined the value of the temporary and permanent property interests taken by the state to be worth $411,171.
 

 R & H appeals and contends: 1) the trial court improperly excluded Pedersen’s goodwill valuation testimony; 2) the trial court was biased against the Leslies; and 3) the trial court abused its discretion by not permitting R & H to present further testimony concerning a separate valuation of R & H and BMB. We decide the first contention in favor of the Leslies and therefore do not discuss the other contentions.
 

 Discussion
 

 R & H argues the trial court erred by ruling that the goodwill of R & H and BMB must be valued separately. It points out that section 1263.510, permitting compensation in eminent domain proceedings for loss of goodwill, is a remedial statute to be construed liberally.
 
 (People
 
 ex rel.
 
 Dept, of Transportation
 
 v.
 
 Muller
 
 (1984) 36 Cal.3d 263, 269 [203 Cal.Rptr. 772, 681 P.2d 1340] [goodwill loss measured by increased rent resulting from forced move].) R & H adds that our Supreme Court has held different methods exist by which to value goodwill.
 
 (Id.,
 
 at p. 271, fn. 7;
 
 Community Development Com.
 
 v.
 
 Asaro
 
 (1989) 212 Cal.App.3d 1297, 1303 [261 Cal.Rptr. 231]; Evid. Code, § 823.)
 

 Section 1263.510, subdivision (b), defines “goodwill” as “the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage.” (See also
 
 People
 
 ex rel.
 
 Dept, of Transportation
 
 v.
 
 Muller, supra,
 
 36 Cal.3d 263, 268.) Section 1263.510 provides compensation for loss of goodwill in eminent domain proceedings by a whole or a partial taking. The property owner bears the burden of proof to establish the loss of goodwill.
 
 (Redevelopment Agency
 
 v.
 
 Thrifty Oil Co.
 
 (1992) 4 Cal.App.4th 469, 475 [5 Cal.Rptr.2d 687];
 
 Redevelopment Agency
 
 v.
 
 Metropolitan Theatres Corp.
 
 (1989) 215 Cal.App.3d 808, 811 [263 Cal.Rptr. 637] [property owner must prove entitlement to goodwill loss but neither party proves valuation].) He must also prove the statutory requirements regarding efforts to preserve goodwill, efforts to relocate, and no double recovery. (§ 1263.510, subds. (a)(l-4).)
 

 Goodwill may be measured by the capitalized value of the net income or profits of a business or some similar method of calculating present value of anticipated profits.
 
 (People
 
 ex rel.
 
 Dept, of Transportation
 
 v.
 
 Muller, supra,
 
 
 *923
 
 36 Cal.3d 263, 271.) Valuation methods differ with the nature of the business and the purpose for which the evaluation is conducted.
 
 (Id.,
 
 at p. 271, fh. 7.) There is no single method to evaluate goodwill.
 
 (Ibid.)
 
 Evidence Code section 823 provides: “[T]he value of property for which there is no relevant, comparable market may be determined by any method of valuation that is just and equitable.” The goal in an eminent domain proceeding, of course, is to determine just compensation—to put the property owner in as good a position had his property not been taken.
 
 (Baldwin Park Redevelopment Agency
 
 v.
 
 Irving
 
 (1984) 156 Cal.App.3d 428, 438 [202 Cal.Rptr. 792].)
 

 The trial court erred by excluding the evidence of valuation testified to by expert witness Pedersen. R & H and BMB shared the same physical location and the businesses were interdependent. R & H performed its paving business by leasing heavy equipment from BMB. Pedersen testified that a reasonable buyer would not purchase the businesses separately and a seller of the businesses would be required to disclose their interdependence to a potential buyer. By analogy, unity of use is an important factor in determining what constitutes a separate and independent parcel of land in eminent domain proceedings.
 
 (City of Los Angeles
 
 v.
 
 Wolfe
 
 (1971) 6 Cal.3d 326, 335 [99 Cal.Rptr. 21, 491 P.2d 813] [unity of properties established by evidence of connection or relationship].) No single method exists to value goodwill.
 
 (People
 
 ex rel.
 
 Dept, of Transportation
 
 v.
 
 Muller, supra,
 
 36 Cal.3d 263, 271, fn. 7.) Any method that is just and equitable is proper. (Evid. Code, § 823.) The jury, of course, is free to accept or reject this valuation.
 

 It is proper and lawful for the two businesses to be treated separately for tax purposes. This reason did not warrant the trial court to exclude R & H’s valuation evidence as a matter of law. It is also unimportant that BMB did not answer the complaint. Robert Leslie owned BMB as a sole proprietorship and disclosed his demand for compensation for BMB during discovery.
 

 Accordingly, the judgment is reversed. Appellants shall recover costs on appeal.
 

 Stone (S. J.), P. J., and Yegan, J., concurred.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless stated otherwise.