Filed 10/20/15  P. v. Norwalk Steakhouse CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>NORWALK STEAKHOUSE, INC., et al.,<br><br>        Defendants and Appellants. | B258576<br><br>(Los Angeles County<br>Super. Ct. No. NC057875) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ross M. Klein, Judge.  Affirmed.

Nossaman and Richard E. Rayl for Defendants and Appellants.

Jeanne E. Scherer, Acting Chief Counsel, Jerald M. Montoya, Deputy Chief Counsel; Iris A. Malsman, Daniel M. Mansueto, and Mark A. Berkebile for Plaintiff and Respondent.

_____

The landowner in this eminent domain case contends that the trial court erred in finding as a matter of law that the landowner was not entitled to compensation for severance damages and business goodwill losses. Because the landowner has not demonstrated what evidence of such damages it would have presented, we find no error and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

**The Complaint and Answers**

On July 16, 2012, plaintiff and respondent the People of the State of California, acting by and through the Department of Transportation (Caltrans), filed a complaint in eminent domain against defendants and appellants Norwalk Steakhouse, Inc. and Norwalk Steakhouse, L.P. (collectively Norwalk).[1] The complaint seeks to acquire by eminent domain two parcels of land in fee and two temporary construction easements, which are to cease and terminate no later than December 1, 2016.

Norwalk Steakhouse, Inc. and Norwalk Steakhouse, L.P. filed separate answers. Norwalk Steakhouse, Inc. alleged that it is the owner in fee simple absolute and in possession of the property alleged in the complaint, on which it operates a restaurant (Outback Steakhouse). Norwalk Steakhouse, L.P. alleged that it is in possession of the property, operates a restaurant on the property, and owns a leasehold interest in the property. Norwalk Steakhouse, Inc. and Norwalk Steakhouse, L.P. both claimed entitlement to severance damages and lost business goodwill.

As clarified elsewhere in the record, the multi-year construction project relates to improvements on the Interstate 5 freeway, including widening the freeway and adding an off-ramp. The two parcels to be taken consist of a total of 556 square feet and the two easements consist of a total of 2,571 square feet. The property is located on Norwalk Boulevard in the city of Norwalk, next to the freeway, and has a total of 64,282 square feet. The "take" area is less than two percent of the total property.

---

[1]     Norwalk Steakhouse, L.P. was added by amendment as Doe One.

**Pretrial Motions**

Caltrans filed an original and supplemental motion for bifurcation of the legal issues of whether Norwalk was entitled to receive compensation for temporary severance damages and for the temporary loss of business goodwill. Norwalk opposed the motions.

Both Caltrans and Norwalk filed motions in limine to exclude evidence of each other's expert witnesses' opinions of severance and goodwill damages.

The parties also filed trial briefs.

**The Rulings**

The trial court granted Caltrans's motion for bifurcation, and indicated that it would hear and rule on the legal issues on March 10, 2014.

At the hearing on March 10, 2014, the trial court denied the motions in limine, finding they were not proper vehicles for raising the issues. The court heard argument, then ruled that "as a matter of law, [Norwalk] is not entitled to the temporary loss of goodwill." The court relied on Code of Civil Procedure section 1263.510[2] and CACI No. 3513. The court then ruled that "as a matter of law . . . the court finds that [Norwalk] is not legally entitled to severance damages for the temporary loss of use of part of the parking area." The court relied on section 1263.410 and CACI No. 3511.

On June 17, 2014, the trial court signed a judgment in condemnation prepared by Caltrans. The judgment states that the amount of $90,400 deposited by Caltrans on June 22, 2012, with the State Treasurer will be "the total sum to be paid as just compensation for the taking of Defendants' real property interests in the Subject Property," and that "Defendants, and each of them, have waived their right to recover their costs of suit in this matter; and their right to receive interest other than as set forth in this Judgment." This appeal followed.[3]

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3]     The judgment reads like a settlement agreement, stating that the total sum paid "shall be in full payment for all damages of every kind and nature suffered or to be suffered by defendants, including but not limited to loss of business goodwill and

3

Norwalk contends that the trial court erred by finding—as a matter of law—that Norwalk was not entitled to recover severance damages or business goodwill losses as a result of Caltrans's proposed construction project. According to Norwalk, it is entitled to such damages and to have a jury determine the amount.

## I. Severance Damages

Under article I, section 19 of the California Constitution, an owner whose property is taken or damaged for a public use must be paid "just compensation, ascertained by a jury unless waived." When, as here, the property taken is part of a larger parcel, the owner must be compensated not only for the part taken, but also for the injury, if any, to the remainder. (§ 1263.410, subd. (a).) Such additional compensation is commonly called "severance damages." (*City of San Diego v. Neumann* (1993) 6 Cal.4th 738, 741.) Severance damages are "the amount of the damage to the remainder reduced by the amount of the benefit to the remainder." (§ 1263.410, subd. (b).) Evidence of the amount of such damages is usually presented by way of expert testimony.

Norwalk relies on two cases to support its position that it is entitled to severance damages, *Metropolitan Water Dist. of So. California v. Campus Crusade for Christ, Inc.* (2007) 41 Cal.4th 954 (*Campus Crusade*) and *City of Livermore v. Baca* (2012) 205 Cal.App.4th 1460 (*Baca*). Neither of these cases assists Norwalk.

In *Campus Crusade*, the landowner sought severance damages as a result of the condemning agency's proposed construction of a water pipeline under part of the property. In discussing the issue of temporary severance damages, the Supreme Court stated: "Campus Crusade has not identified any intended use of the property during the relevant period, nor has it identified any specific loss attributable to the delay in

---

severance damages . . . and extinguishes all of Defendants' claims in this action and all claims which Defendants could have brought in this action" and that "Upon payment of said total amount to Defendants, their claims of entitlement in connection with the property . . . shall be terminated." However, the parties agreed in open court that Norwalk could appeal the issue of its entitlement to business goodwill losses and severance damages.

construction. [Citations.] Although the Court of Appeal was correct in saying that a property owner generally should be able 'to present evidence to show whether and to what extent the delay disrupted its use of the remaining property,' Campus Crusade has failed to support its allegation of damages in this court with any specificity—or, indeed, with any citation to the record." (*Campus Crusade*, *supra*, 41 Cal.4th at p. 975.) The Supreme Court continued: "*If* Campus Crusade had sold the property during the construction period and *if* the ongoing construction had temporarily lowered the sales price of the property, it would appear that Campus Crusade would be entitled to recover that loss from MWD. [Citation.] But the mere fact of a delay associated with construction of the pipeline did not, without more, entitle Campus Crusade to temporary severance damages relating to the financing or marketing of the property in this eminent domain action." (*Ibid.*)

In *Baca*, part of the land to be taken ran along the front of two commercial buildings. In addressing the landowner's claim for temporary severance damages, the *Baca* court found the evidence was "uncontroverted" that only a single driveway would be open for all of the affected commercial properties for up to six months, that the tenants would have to drive an extra mile to access the single driveway, and that all of the landscaping would need to be removed from a 15,000-square-foot slope and drainage area. (*Baca, supra,* 205 Cal.App.4th at p. 1471.) The landowner's appraiser testified that these factors would interfere with his actual intended use of the property for rental and tenant occupancy. (*Id*. at pp. 1471–1472.) The *Baca* court held that the landowner's "sufficient, uncontroverted" evidence "should have been presented to the jury to determine the extent of impact the construction activities had" on the "actual intended use of the property was for rental and tenant occupancy." (*Id*. at p. 1472.)[4]

---

[4]    Both *Campus Crusade* and *Baca* separately discuss permanent and temporary severance damages. While Norwalk claims that its appraisers would testify that its severance damages were permanent, Norwalk's appellate briefs only discuss these cases with respect to temporary severance damages.

Like the landowner in *Campus Crusade*, Norwalk "has failed to support its allegation of [severance] damages in this court with any specificity—or indeed, with any citation to the record." (*Campus Crusade, supra,* 41 Cal.4th at p. 975.) Norwalk simply asserts that like the landowner in *Baca*, "Norwalk's intended use of the property is also for rental and tenant occupancy" and that it "was entitled to introduce evidence in an effort to demonstrate that Caltrans' multi-year construction project would impact that 'actual intended use.'" But unlike *Baca*, which involved commercial buildings with presumably numerous tenants, as far as we can tell the only tenant on Norwalk's property is Norwalk Steakhouse, L.P., which operates a single restaurant. And Norwalk made no response to Caltrans's counsel's representation to the trial court that this tenant was paying below market rent with no incentive to leave. In sum, Norwalk points to nothing in the record showing what negative impacts Caltrans's proposed construction would have on the property for which Norwalk is entitled to severance damages.

Indeed, there is nothing in the record to contradict Caltrans's assertion that "[Norwalk] put forth no evidence at all concerning the project at issue. It presented the trial court with no information as to where the construction would occur in relation to the property, what the construction activity would consist of, what equipment would be involved, whether there would be drilling or excavation, or what period of time there would be construction activity in the vicinity of Norwalk's property. In short, there is not a scintilla of evidence that the construction will depreciate the value of the property."

Norwalk blames its lack of evidence and undeveloped factual record on the trial court's statement at the beginning of the March 10, 2014 hearing, that "as to the legal issue, I don't think we need testimony because it's pure law." But this line of attack is somewhat disingenuous for two reasons. First, Norwalk points to nothing in its pretrial court filings showing what evidence of damages it would have presented to a jury. Second, at the March 10, 2014 hearing, Norwalk's counsel was allowed to argue at length. Indeed, at one point the trial court admonished Caltrans's counsel not to interrupt. Yet still, there was no description or identification of the injuries for which Norwalk was seeking additional compensation.

6

Furthermore, neither below nor on appeal, did Norwalk dispute the following assertion made by Caltrans's counsel at the March 10, 2014 hearing: "There's basically probably, if anything, going to be a betterment to this property because at the end of the project there's going to be two lanes exiting at Norwalk Boulevard. There will be a traffic signal at the bottom of the offramp. That traffic signal will cause traffic to absolutely stop and look to their right, and there's the Outback Steakhouse. [¶] . . . There is no interference with the actual intended use of the Outback Steakhouse—no parking is eliminated, there's no issue regarding access. Access will remain open except for one weekend on Norwalk Boulevard. There may be a one-or-two-day closure, and we're talking about a four-or-five-year construction project only a few months of which will actually take place in front of this restaurant. That is the intent. Those are the project plans." As the trial court noted, "This is great. You're getting a captive audience who's going to be forced to stop at the base of the offramp, look to the right, and see a beautiful Steakhouse."

Because Norwalk fails to show that it had evidence of severance damages, the trial court did not err in finding that Norwalk was not entitled to such damages as a matter of law.

## II. Goodwill Losses

Section 1263.510 provides in part: "(a) The owner of a business conducted on the property taken, or on the remainder if the property is part of a larger parcel, shall be compensated for loss of goodwill if the owner proves all of the following:

"(1) The loss is caused by the taking of the property or the injury to the remainder.

"(2) The loss cannot reasonably be prevented by a relocation of the business or by taking steps and adopting procedures that a reasonably prudent person would take and adopt in preserving the goodwill.

"(3) Compensation for the loss will not be included in payments under Section 7262 of the Government Code.

"(4) Compensation for the loss will not be duplicated in the compensation otherwise awarded to the owner.

7

"(b) Within the meaning of this article, 'goodwill' consists of the benefits that accrue to a business as a result of its location, reputation for dependability, skill or quality, and any other circumstances resulting in probable retention of old or acquisition of new patronage." (§ 1263.510, subds. (a)(1)-(4) & (b).)

As noted above, the trial court found that Norwalk was not entitled to compensation for temporary goodwill losses. Putting aside the issue of whether the statute even allows compensation for temporary as opposed to permanent losses of business goodwill, Norwalk fails to show what evidence it had on the issue. Again, Norwalk blames the trial court for its undeveloped record, stating "Norwalk never had the opportunity to introduce the evidence that establishes the ways in which Caltrans' planned construction will affect Norwalk's patronage and, in turn, its business goodwill." But Norwalk points to no place in the record showing that it ever attempted to make an offer of proof on this issue or showing that it ever informed the trial court in any pretrial pleadings what its appraiser would say to the jury.

Norwalk cites to two "seminal goodwill cases," *People ex rel. Dept. of Transportation v. Muller* (1984) 36 Cal.3d 263 (*Muller*) and *People ex rel. Dept. of Transportation v. Leslie* (1997) 55 Cal.App.4th 918 (*Leslie*). But *Muller* involves the loss of goodwill as a result of a forced relocation, which was not the situation here, and the owner produced actual evidence of his losses. Norwalk fails to discuss *Leslie,* which addressed whether the loss of goodwill suffered by two businesses in the same building could be combined, again not an issue here. Moreover, the *Leslie* court stated that "[t]he property owner bears the burden of proof to establish the loss of goodwill" and "must also prove the statutory requirements regarding efforts to preserve goodwill, efforts to relocate, and no double recovery." (*Leslie, supra,* at p. 922.) None of this was done by Norwalk here.

Accordingly, we find no error in the trial court's ruling that Norwalk was not entitled to compensation for temporary goodwill losses as a matter of law.

8

**III. Statutory Costs**

Norwalk contends that pursuant to section 1268.710, it was entitled to costs as the defendant in the action. But Norwalk cites to no place in the record showing that it opposed the judgment, proposed by Caltrans and signed by the trial court, which expressly states that "Defendants, and each of them, have waived their right to recover their costs of suit in this matter." Thus, Norwalk has forfeited this issue on appeal.

**DISPOSITION**

The judgment is affirmed. Caltrans is entitled to recover its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
   ASHMANN-GERST

We concur:

_____, P. J.
  BOREN

_____, J.
  HOFFSTADT